UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| DAVID R. GIENAPP, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF SARAH LEE CIRCLE BEAR;<br><br>Plaintiff,<br><br>vs.<br><br>MARK MILBRANDT, SHERIFF; BROWN COUNTY, JAY TASA, SHERIFF; ROBERTS COUNTY, ANDY MILLER, DEPUTY; JERRY KASTEIN, TROOPER, IN HIS INDIVIDUAL CAPACITY; JILLYN BROOKS, HARMONY MATTSON, JOHN/JANE DOE, SUPERVISORS 1-5; JENNIFER WHITE, NICOLE LESLIE, BRIAN BAHR, JOE EMBURY, LISA MEIER, NORTHEASTERN MENTAL HEALTH CENTER, JOHN/JANE DOE, OFFICERS 5-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY; AND JOHN/JANE DOE, MEDICAL STAFF 2-5;<br><br>Defendants. | 1:18-CV-01014-CBK<br><br><br><br><br><br>MEMORANDUM OPINION AND ORDER |

This matter is before the Court on defendants Lisa Meier and Northeastern Mental Health Center's ("NMHC") motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

**BACKGROUND AND ARGUMENTS**

The decedent, Sarah Lee Circle Bear, was taken into custody and, sometime later, booked at the Brown County Jail. At some point during her time at the Brown County Jail, Ms. Circle Bear was examined by defendant Meier, then an employee of defendant NMHC. Ms. Circle bear later passed away due to a drug overdose.

Plaintiff first filed this suit on April 30, 2018. Doc. 1. The initial complaint listed defendant Meier as "John/Jane Doe Medical Staff 1." The complaint also stated that upon information and belief defendant Meier's employer was Brown County. Defendants Meier and NMHC (hereinafter "defendants") were not named in the complaint until the filing of the Second Amended Complain on November 8, 2018.

Defendants argue that plaintiff's claims against them are barred by the applicable statutes of limitations. They first argue that the state law claims—counts one, four, and five—should be governed by South Dakota's limitations period of two years for medical malpractice claims. Defendants next argue that even if the three-year period for wrongful death applies, plaintiff's Second Amended Complaint does not relate back under Federal Rule of Civil Procedure 15(c). Defendants also argue that plaintiff's § 1983 and constitutional claims—counts two and three, respectively—which are brought against defendant Meier alone, are barred by South Dakota's three-year statute of limitations for federal civil rights claims, and that those claims do not relate back to the original complaint.

Plaintiff disagrees, contending that South Dakota's two-year period for medical malpractice claims does not apply to any of the claims and that instead the state's three-year wrongful death statute of limitations should be applied. Plaintiff contends that the wrongful death statute of limitations is most analogous to her claims and, additionally, that it should be tolled until Circle Bear's minor children reach adulthood. Finally, plaintiff argues that all claims relate back to the original complaint under Rule 15(c).

## DISCUSSION

### A.

As a preliminary matter, plaintiff has claimed that this motion is untimely because defendants failed to argue that the applicable statute or statutes of limitations barred

2

plaintiff's claims in their initial responses to the complaint. The premise of that argument is false. Defendants each raised the applicable statute of limitations in their respective answers to plaintiff's complaint, each of which was that defendant's first response to the pleadings. *See* Doc. 87 at 7, ¶ 31 (defendant NMHC's Answer); Doc. 89 at 8, ¶ 33 (defendant Meier's Answer).

B.

Defendants argue that all plaintiff's state law claims should be governed by South Dakota's two-year statute of limitations for actions based on medical negligence. That statute states that "[a]n action against a . . . practitioner of the healing arts for malpractice, error, mistake, or failure to cure, whether based upon contract or tort, can be commenced only within two years after the alleged malpractice, error, mistake, or failure to cure shall have occurred . . ." S.D.C.L. § 15-2-14.1. The questions then arise whether (1) the defendant is a "practitioner of the healing arts," and (2) the action is for "malpractice, error" or "mistake." Id.

In this case, the underlying nature of plaintiff's claims against defendants is that they failed to notice or noticed but failed to take appropriate measures in response to Ms. Circle Bear's condition. Defendant Meier was a clinical therapist whose purpose in evaluating Ms. Circle Bear was apparently to diagnose her mental state and any related physical conditions she could discern upon the latter's admission to the jail. As stated in plaintiff's second amended complaint, defendant Meier's "diagnostic impression was '[p]ossible substance use withdrawal. [defendant Meier] recommended that [Ms. Circle Bear] be placed on suicide watch." Doc. 64 at 13. Plaintiff's primary factual claim against defendant Meier appears in the very next sentence: "Despite this, Ms. Meier failed to recommend or seek any medical intervention or drug screening." Id. It is that failure to take medical action that plaintiff now argues was negligent and a violation of Ms. Circle Bear's civil rights.

In light of the facts of this case, it can safely be said that in this context defendant Meier was acting as a "practitioner of the healing arts" within the meaning of South Dakota's statute of limitations for actions premised on medical malpractice. The South

3

Dakota Supreme Court has held that, generally, psychologists and practitioners diagnosing and treating mental health conditions are "practitioners of the healing arts." See Rehm v. Lenz, 547 N.W.2d 560, 568 (S.D. 1996) (holding that a claim against a psychologist based on his treatment of a patient for depression was governed by S.D.C.L. § 15-2-14.1). What matters in this case is whether in the context of her dealings with Ms. Circle Bear, defendant Meier was acting as a medical professional and whether her alleged failings in that capacity lead to the present action.

Plaintiff's claims argue that defendant Meier failed in her capacity as a medical professional. They argue that she should have ordered a medical test based on a professional diagnosis. Furthermore, her purpose at the jail was to provide a diagnosis that would presumably inform how jail staff would then treat Ms. Circle Bear. Perhaps she would need to be transferred to a hospital or put on suicide watch. Indeed, the suicide watch was used for a short period of time based on defendant Meier's recommendation. In that capacity, she was at the jail as a "practitioner of the healing arts."

As to whether a claim of malpractice or error underlies this action, it does. Essentially, plaintiff argues that defendant Meier should have exercised a greater degree of care than she did when she left Ms. Circle Bear without recommending any further drug testing. She noticed that Ms. Circle Bear was likely withdrawing from drugs, but despite that did not order blood testing that might have alerted others that she was overdosing. Such information could arguably have saved Ms. Circle Bear's life. She failed to do so and, as there is no allegation that such failure was intentional, her failure to order the test must have been an error in her professional judgment. Thus, plaintiff's state law actions are governed by the two-year statute of limitations for medical malpractice.

Plaintiff argues that the underlying nature of the claim is one for wrongful death, and thus, that statute of limitations should apply. But that claim flies in the face of state precedent. "[I]n *Peterson,* [the South Dakota Supreme Court] held that a wrongful death claim premised upon medical malpractice was governed by the medical malpractice

4

limitation of two years." Burgard v. Benedictine Living Communities, 680 N.W.2d 296, 298 (S.D. 2001), *citing* Peterson v. Burns, 635 N.W.2d 556, 572 (S.D. 2001). In short, it does not matter what cause of action is brought, it matters whether the underlying claim is one sounding in medical malpractice. Plaintiff's state law claims are governed by South Dakota's two-year statute of limitations for medical malpractice claims.

C.

As to plaintiff's federal claims against defendant Meier, 42 U.S.C. § 1983 has no statute of limitations included in its text. For that reason,

> [t]he Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under these provisions. Wilson v. Garcia, 471 U.S. 261, 266–68, 105 S.Ct. 1938, 1941–43, 85 L.Ed.2d 254 (1985). In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred.

Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996). That South Dakota statute, S.D.C.L. § 15–2–15.2, provides a quick answer to the question of which state statute of limitations is most analogous to a § 1983 claim in South Dakota.

Plaintiff argues that these claims should be governed by South Dakota's statute of limitations for wrongful death claims. That statute of limitations is also three years, but plaintiff would prefer its application to this case because of the possibility that it might be tolled until Circle Bear's minor children reach the age of majority, thus evading the need to argue that claims brought against defendants relate back to the original complaint. That argument is meritless. South Dakota has a statute of limitations that specifically addresses claims "brought under the federal civil rights statutes." S.D.C.L. § 15–2–15.2. To argue that another state statute is more analogous than that one is beyond the pale.

Plaintiff's § 1983 claim and related Fourteenth Amendment claim are both governed by the three-year statute of limitations contained in § 15–2–15.2.

D.

There is no question that plaintiff's state law claims are barred by S.D.C.L. § 15–2–15.2. Ms. Circle Bear died in July of 2015; the first complaint was not filed in this

5

case until April 30, 2018. There is no way around the two-year statute of limitations for those claims.

Plaintiff's § 1983 claims were filed within the time-frame of the applicable statute of limitations, however, defendants Meier and NMHC were not named in said complaint. Defendants Meier and NMHC were not named until plaintiff's second amended complaint, filed November 8, 2018. That date is outside the applicable three-year statute of limitations for § 1983 actions in South Dakota. The question then arises whether the claims in the second amended complaint relate back to the claims made in the original complaint under Fed. R. Civ. P. 15(c).

> As applicable here, Rule 15(c) provides that an amended complaint relates back to the date of the original complaint when: (1) the claim or defense asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set out in the initial complaint, (2) within 90 days after the original complaint was filed, the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits," and (3) upon receiving notice, the party to be added "knew or should have known that the action would have been brought against it, but for a **mistake** concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); 4(m). When those conditions are satisfied, the amended complaint is treated as if it were filed on the date of the original complaint. *See Hayes v. Faulkner County*, 388 F.3d 669, 675-76 (8th Cir. 2004).

Heglund v. Aitkin Cty., 871 F.3d 572, 578–79 (8th Cir. 2017) (emphasis added). The most problematic requirement of Rule 15(c) for plaintiff's claims is that the appropriate party would have been named "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

In the instant case, as in Heglund, plaintiff sued a pseudonym (in this case, "John/Jane Doe Medical Staff 1") in the initial complaint. Plaintiff admits that this was done because "they did not then know the name" of the actual party. Heglund, 871 F.3d at 579.

Heglund made the rule in the Eighth Circuit very clear: "naming a John Doe defendant is not a 'mistake." Id. An "inability" to know the true name of the party to be sued is not a mistake within the meaning of Rule 15(c). Doc. 99 at 10. The Heglund

6

Court further explained the difference between a true mistake within the meaning of Rule 15(c) and a lack of knowledge on the part of the plaintiff had to do with the purposefulness with which plaintiff named the wrong party:

> a plaintiff's deliberate choice, made with a full understanding of the legal and factual situation, is the antithesis of making a mistake. By contrast, a mistake occurs if a plaintiff knows that two or more parties exist but chooses to sue the wrong one based on a misunderstanding about that party's status or role.

Heglund, 871 F.3d at 579. In this case, plaintiff did not know that two or more parties existed and merely chose to sue the wrong one. Instead, plaintiff did not know the proper party to sue and, for that reason, deliberately chose to utilize the John Doe device. For that reason, the initial failure to name Ms. Meier was not a mistake and the charges against her do not relate back.

## ORDER

IT IS HEREBY ORDERED that defendants Lisa Meier and Northeastern Mental Health Center's joint motion to dismiss is hereby granted.

IT IS FURTHER ORDERED that all of plaintiff's claims against defendants Lisa Meier and Northeastern Mental Health Center are dismissed with prejudice, without the taxation of costs.

DATED this 7th day of February, 2020.

BY THE COURT:

*Charles B Kornmann*
CHARLES B. KORNMANN
United States District Judge